UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-24261

DAVID MCGLYNN,

    Plaintiff,

vs.

MIAMI DIARO LLC,
and DOES 1 through 10 inclusive,

    Defendants.

_____/

**DAVID MCGLYNN'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

    Plaintiff David McGlynn, for his Complaint against Miami Diario LLC, and DOES 1 through 10 inclusive, alleges as follows:

**JURISDICTION AND VENUE**

    1.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

    2.    This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

    3.    This court has personal jurisdiction over Defendants because Defendant's acts of infringement complained of herein occurred in the state of Florida, Defendant's acts of infringement were directed towards the state of Florida, Defendant caused injury to Plaintiff within the state of Florida, and Defendant has a physical presence in the state of Florida.

    4.    Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and

omissions giving rise to the claims occurred. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or 28 U.S.C. § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, Defendant(s) reside in or can be found in this district, Defendant(s) conduct regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff David McGlynn ("McGlynn") is a professional photographer residing in the State of New York.

6. Defendant Miami Diario LLC ("Miami Diario") is a domestic limited liability company with a business address of 848 Brickell Ave, Suite 315 Miami, FL 33131.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. McGlynn is a professional fine art and commercial photographer.

9. McGlynn's specialty is photo collage, and he has been refining his unique style for the better part of three decades.

10. McGlynn has shown his work at several group and solo shows, including the Alternative Museum, Queens Museum, Hudson River Museum, Luring Augustine Gallery, the Neuberger Museum and Broadway Windows. His work is included in the collections of the Brooklyn Museum, the Erie Art Museum, the New Britain Museum of American Art, the Forbes Gallery Collection, and various private collections.

11. In addition, he has created large-scale works for permanent installation for a variety of clients, including *Disney/ESPN Zone* restaurants, Fox Network headquarters, and *AT&T* Corporate Headquarters.

12. McGlynn's work has been featured in major publications such as the *New York Post*, *The New York Times*, *WIRED, Forbes, ESPN, Money, Newsweek*, Popular Science, Metropolitan Home, and *Vibe*. Corporate and advertising clients include *Miller Brewing Company*, 'Absolut McGlynn' for *Absolut Vodka*, *Kodak Funsaver* cameras, *Compaq, American Express, Disney, Dime Bank, Polygram/Mercury Records,* and the World Financial Center.

13. McGlynn has received several awards including: American Photography Annual 7, 10, 11; Society of Publication Designers Annual 18, 23, 27, 28 and 30; Graphis Poster and Graphis Digital. Portfolio spreads of his artwork have been published in *Life Magazine, Popular Photography*, *Idea* (Japan), *Photo Magazine* (France), and *Photo District News.*

14. McGlynn's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to McGlynn's work deters would-be infringers from copying and profiting from his work without permission.

15. McGlynn is the sole author and exclusive rights holder to one photograph of Jeffrey Epstein standing in the street next to a woman reaching into her wallet ("Epstein Photograph").

16. Attached hereto as Exhibit A is a true and correct copy of the Epstein Photograph.

17. McGlynn registered the Original Image(s) with the United States Copyright Office. The Epstein Photograph is registered under Registration Number VA 2-036-616.

18. Defendant Miami Diario is an online news and media site.

19. Miami Diario provides its users with articles related to a variety of subjects, such as Miami related news, Latin America related news, United States related news, science and technology, economy, show business, and sports.

20. Miami Diario is the owner and operator of the website https://miamidiario.com ("Website").

21. Miami Diario uses advertisements on its Website to monetize its content.

22. McGlynn is informed and believes that Miami Diario generates content on the Website in order to attract user traffic, retain its existing readership/subscribers, and generate business and revenue for the company.

23. On or about October 4, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how Epstein lured teenage girls to his Palm Beach home ("August 12, 2019 Article").

24. On November 3, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how Epstein was arrested for the sex trafficking of minors ("July 7, 2019 Article").

25. On November 3, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article

discussing how new details were presented related to the Epstein case in a motion filed in Florida ("July 9, 2019 Article").

26. On November 3, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how forensic evidence determined that Epstein hanged himself in his cell while held in a maximum security prison in Manhattan ("August 2019 Article").

27. On November 3, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how a judge ruled that there will be no reparations to the victims of Jeffrey Epstein ("September 2019 Article").

28. On November 3, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how Epstein allegedly wanted to seed human race with his DNA and how 130 people claim they could be the children of Jeffrey Epstein ("May 2020 Article").

29. Attached hereto as Exhibit B are true and correct screenshots of the use of the Epstein Photograph being displayed by Miami Diario on the Website in the August 12, 2019 Article, the July 7, 2019 Article, the July 9, 2019 Article, the August 2019 Article, the September 2019 Article, and the May 2020 Article (Collectively, the "Articles").

30. On or about December 7, 2022, McGlynn discovered the Epstein Photograph still being displayed in the Articles by Miami Diario on the Website.

31. Attached hereto as Exhibit C are true and correct screenshots of the use of the Epstein Photograph still being displayed in the Articles on Miami Diario's Website.

32. In no event did McGlynn offer Miami Diario a license to use the Epstein Photograph in any manner.

33. McGlynn is informed and believes Miami Diario created unauthorized copies of the Epstein Photograph.

34. McGlynn has made several attempts to settle this case prior to the filing of this Complaint.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique Epstein Photograph.

37. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Epstein Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the unique Epstein Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in an infringing post on Defendant's Website.

38. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

39. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

40. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Original Image(s) by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated:      December 30, 2022                                      Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
State Bar No. 62465
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(305) 764-9262
(714) 597-6729 facsimile
mclark@higbeeassociates.com
*Attorney for Plaintiff*