UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-cv-24261-SCOLA/GOODMAN

DAVID MCGLYNN,

      Plaintiff,

v.

MIAMI DIARIO LLC, et al.,

      Defendants.

_____/

**ORDER DENYING WITHOUT PREJUDICE (BUT WITH LEAVE TO RENEW,
IF APPROPRIATE) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

"Know How to Win by Following the Rules"

- Arnold Palmer (one of golf's greatest players (1929 – 2016)

In this copyright infringement action, David McGlynn ("McGlynn" or "Plaintiff")

filed a motion for default judgment against Miami Diario LLC ("Miami Diario" or

"Defendant")[1] [ECF No. 20]. Defendant has not filed a response to Plaintiff's motion (or

otherwise participated in this lawsuit), and the response deadline has now expired.

---

[1] Plaintiff's one-count Complaint [ECF No. 1] alleged a copyright infringement claim against Miami Diario and Does 1 through 10 ("Doe Defendants"). Plaintiff filed a notice of voluntary dismissal as to the Doe Defendants and the Court entered an Order of Dismissal as to the Doe Defendants. [ECF Nos. 23-24]. Therefore, in this Report and Recommendations, the term "Defendant" refers to only Miami Diario.

United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned. [ECF No. 23]. As explained below, McGlynn's Motion is **denied without prejudice** but with leave to re-file (if appropriate).

## I.    Background

Plaintiff filed a one-count complaint for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, stemming from Defendant's alleged unauthorized use of Plaintiff's copyrighted photograph on Defendant's website. [ECF No. 1].

Attached to the instant motion is an affidavit of non[-]service [ECF No. 20-2, p. 4]. It states as follows:

> That I, Jorge Estarellas hereby solemnly affirm under penalties of perjury and upon personal knowledge that the contents of the foregoing documents are true and do affirm I am a competent person over 18 years of age and not a party to this action[.]
>
> That **attempts were made to serve Miami Diario LLC** with Summons, Complaint, Exhibits A, B, C, Notice of Electronic Filing, Order Requiring Discovery and Scheduling Conference and Order Referring Discovery Matters to the Magistrate Judge at:
>
> **1/17/2023 - 2:02 PM**        848 Brickell Ave Ste 315
>                                             Miami, FL 33131[-]3039
>
> **No such company at this address**. The entity occupying this unit is FMM group LLC. I also spoke with front desk security who confirmed that they [sic] are not located at this location.

*Id.* (emphasis added). Although the non-service affidavit refers to "attempts" (plural), the only attempt described in the affidavit was the one made on January 17, 2023 at 2:02 PM.

The declaration of attorney Melissa A. Higbee, filed in support of the instant motion, also references only one prior service attempt on Defendant before Plaintiff resorted to substitute service through the Florida Secretary of State:

> 7.    On January 17, 2023 Plaintiff, through a professional process server, attempted to serve Defendant at its principal address and learned there was no such company at this address.
>
> ***
>
> 9.    Because service could not be effectuated on Defendant at its principal address, Plaintiff, through a professional process server, served the Florida Secretary of State with substitute service on February 15, 2023, pursuant to Fla. Stat. §§ 48.161 and 48.181 (2022), and filed the Proof of Service on February 27, 2023. [ECF No.] 8.

[ECF No. 20-1, ¶¶ 7, 9].

Plaintiff filed a proof of service [ECF No. 8] and an amended proof of service [ECF No. 13]. Both indicated that Defendant was served via substitute service on the Florida Secretary of State on February 15, 2023. Thereafter, Plaintiff filed a proof of service indicating that Defendant was served on March 29, 2023 through its agent for service:

> 3/29/2023 at 3:11 PM - Served Manuel Arvesu, who is designated by law to accept service of process on behalf of Trasaction [sic] Advisors and Consultants, LLC, Agent for Service to Miami Diario, LLC.

[ECF No. 14]. The proof of service describes the documents served as the "Amended Proof of Service signed by Christopher Compton[ ] [and] David McGlynn's Complaint for Copyright Infringement." *Id.*

Plaintiff also filed a Certificate of Service [ECF No. 15]. The Certificate of Service states, in substance, that:

> 1.      On February 15, 2023, Plaintiff, through a registered process server, served the Florida Secretary of State, via substitute service pursuant to Florida Statute 48.161, with the Summons and Complaint in the above-titled action and filed the Amended Proof of Service with the Court on March 17, 2023. [Doc. 13.]
>
> 2.      On March 23, 2023, true and correct copies of the filed Amended Proof of Service, Complaint, and Exhibits were placed in a sealed envelope, addressed to Defendant Miami Diario LLC, 848 Brickell Avenue, Miami, FL 33131, with fully prepaid postage thereon and Tracking No. 9114902307224163665698 and deposited with the U.S. Post Office and sent First Class Mail and were delivered to Defendant Miami Diario LLC on March 27, 2023.
>
> 3.      On March 29, 2023, Plaintiff, through a registered process server, served true and correct copies of the filed Amended Proof of Service (Doc. 13), Complaint, and Exhibits on Defendant Miami Diario LLC's Registered Agent Transaction Advisors and Consultants LLC at 10261 SW 72nd Street, C-101, Miami, FL 33173, and the Proof of Service was filed on March 30, 2023. [Doc. 14.]

*Id.*

Plaintiff filed a request for entry of a certificate of default [ECF No. 16] and obtained a Clerk's Default [ECF No. 17] against Miami Diario. Thereafter, Plaintiff filed the instant motion seeking the entry of a default judgment against Miami Diario.

## II.      Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that

failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021

---

[2]     In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III. Analysis

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), report and recommendation adopted, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

### a. Subject-Matter Jurisdiction

The Court has subject-matter jurisdiction over the instant action because Plaintiff's Complaint seeks "damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101[,] *et seq.*" [ECF No. 1, ¶ 1]. Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, section 1338(a) provides district courts with jurisdiction over civil actions arising under federal statutes relating to copyrights. 28 U.S.C. § 1338(a). Therefore, the Court has subject-matter jurisdiction over this action.

### b.    Personal Jurisdiction

In addition to subject-matter jurisdiction, a court must also have personal jurisdiction over each defendant. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)). For this reason, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citation omitted).

### i.        Service of Process

Service of process is a jurisdictional requirement. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022).

Miami Diario is a limited liability company. "[Federal Rule of Civil Procedure] 4(h) governs service of process upon a limited liability company." *Walters v. Fast AC, LLC*, No. 2:19-CV-70-FTM-38MRM, 2020 WL 10727987, at *2 (M.D. Fla. Mar. 12, 2020).

Rule 4(h) states, in pertinent part, that:

[A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

**(A) in the manner prescribed by Rule 4(e)(1) for serving an individual**; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1) (emphasis added).

Rule 4(e)(1) provides, in part, that: "an individual . . . may be served in a judicial district of the United States by . . . **following state law for serving a summons in an action brought in courts of general jurisdiction** in the state where the district court is located or **where service is made**[.]" Fed. R. Civ. P. 4(e)(1) (emphasis added); *see also Stem Holdings, Inc. v. Blake Inv. Grp., Inc.*, No. 9:22-CV-80507, 2022 WL 18465748, at *1 n.1 (S.D. Fla. Dec. 5, 2022) ("Federal Rule of Civil Procedure 4 provides that service can be effectuated upon a corporation by serving a summons in accordance with the state law of the state in which service is made." (citing Fed. R. Civ. P. 4(c)(e)(1), (h)(1)(A))).

"Florida courts . . . require strict compliance with the Florida statutes governing service of process, and absent strict compliance, the court lacks personal jurisdiction over the defendant." *Foremost Prop. & Cas. Ins. Co. v. Fentress Bus. Ctr., LLC*, No. 6:22-CV-831-CEM-GJK, 2022 WL 19842687, at *2 (M.D. Fla. June 8, 2022) (citing *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005)). As discussed in more detail below, Plaintiff has failed to show strict compliance with the applicable Florida service statutes. Thus, service of process has not been effectuated on Defendant and Plaintiff is not entitled to the entry of a default judgment.

### 1.     Applicable Service Statutes

The relevant service statutes, Fla. Stat. §§ 48.062, 48.161 and 48.181, were recently amended, effective January 2, 2023. *See Baxter v. Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 n.4 (M.D. Fla. Feb. 14, 2023) ("Sections 48.181 and 48.161 of the Florida Statutes were amended . . . with effective dates of the amendments of January 2, 2023."); *Onyeneho v. LB Ent. LLC*, No. 6:22-CV-978-WWB-DAB, 2023 WL 2931203, at *2 (M.D. Fla. Jan. 9, 2023), report and recommendation adopted, No. 6:22-CV-978-WWB-DAB, 2023 WL 2931163 (M.D. Fla. Jan. 27, 2023) ("Amendments to Fla. Stat. § 48.062 became effective on January 2, 2023.").

Plaintiff's earliest service attempt is documented in the Affidavit of Non[-]Service [ECF No. 20-2]. It reflects a service attempt on January 17, 2023, after the January 2, 2023 effective date of the relevant service statutes. Plaintiff appears to be relying on the current version of the service statutes. *See*, *e.g.*, [ECF No. 20, p. 5 ("Substitute service on the Florida Secretary of State was effectuated on February 15, 2023. *See* Fla. Stat. §[] 48.161(7) (**effective January 2, 2023**)[.]" (emphasis added))]. At the outset, the Undersigned will address whether the current versions of the service statutes apply to this case or whether the earlier versions of Fla. Stat. §§ 48.062 (effective June 7, 2019), 48.161 (effective July 10, 1995), and § 48.181 (effective July 10, 1995) apply.

In *Baxter*, the court determined that the recent amendments to sections 48.161 and 48.181 do not apply retroactively:

> Sections 48.181 and 48.161 of the Florida Statutes were amended during the pendency of this [m]otion with effective dates of the amendments of January 2, 2023. **Florida courts have consistently held that "[a]mendments or additions to the long-arm statute will not be applied retroactively unless the legislature specifically so provides."** *Oldt v. Sides*, 573 So. 2d 440, 441 (Fla. 2d DCA 1991) (citing *AB CTC v. Morejon*, 324 So. 2d 625 (Fla. 1975)); *Conley v. Boyle Drug Co.*, 570 So. 2d 275, 288 (Fla. 1990) ("This Court has consistently held that [long-arm statutes] [cannot] be applied retroactively to allow service under [their] provisions as to an alleged wrongful act committed prior to the enactment of the statute.") (collecting cases); *Am. Motors Corp. v. Abrahantes*, 474 So. 2d 271, 274 (Fla. 3d DCA 1985) ("[W]e feel constrained to follow the long line of cases which hold that amendments or additions to Florida long-arm statutes are not to be applied to causes of action which accrue prior to the date the amendments or additions became effective.") (collecting cases). **The court finds nothing in the text of the amended sections 48.181 and 48.161 to indicate that the amendments apply retroactively**.

2023 WL 1993969, at *3 n.4 (emphasis added); *see also Polski Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 970 (11th Cir. 1986) ("The Florida courts generally do not apply amendments to Florida long-arm statutes retroactively.").

"Florida law provides that the applicable version of a statute is that which was in effect when a cause of action accrues." *S-Fer Int'l, Inc. v. Stonesheets*, LLC, No. 14-24662-CIV, 2016 WL 8808748, at *4 (S.D. Fla. Jan. 19, 2016) (applying Florida service of process statutes based on the accrual dates of various causes of actions); *see also Felton v. Winter Park Police Dep't*, No. 6:22-CV-898-RBD-DAB, 2022 WL 8216907, at *3 n.4 (M.D. Fla. Aug.

2, 2022), report and recommendation adopted, No. 6:22-CV-898-RBD-DAB, 2022 WL 4396375 (M.D. Fla. Sept. 23, 2022) ("Thirty days after [the defendant] moved to quash service, Governor DeSantis signed Senate Bill 1062 into law. Fla. SB 1062, § 9 (2022). The bill amends § 48.111 and changes the method for serving municipal corporations. The [c]ourt need not consider this new language because it was enacted after [the plaintiff]'s claim accrued.").

Federal copyright infringement claims accrue when the copyright owner learns or should have learned of the alleged infringement. *See Tomelleri v. Natale*, No. 9:19-CV-81080, 2022 WL 2341237, at *2 (S.D. Fla. Feb. 18, 2022) ("To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for 'accrual' applies in copyright infringement claims. However, the Southern District of Florida has consistently applied the discovery rule, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement." (footnote omitted)).

Here, the Complaint alleges that Plaintiff learned of Defendant's infringement on October 4, 2020. *See* [ECF No. 1, ¶ 23 ("On or about October 4, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its [w]ebsite[.]")]. Therefore, per the Complaint, Plaintiff's cause of action accrued, at the earliest, on or about October 4, 2020. For this reason, the recent amendments to sections 48.062, 48.161, and 48.181 do not apply

to this case because they were enacted *after* McGlynn's copyright infringement claim

accrued.

### 2.   Substitute Service of Process

"In Florida, service of process on limited liability companies (LLCs) is governed

by section 48.062, Florida Statutes." *San-Way Farms, Inc. v. Sandifer Farms, LLC*, No. 8:20-

CV-1969-CEH-CPT, 2021 WL 1840769, at *3 (M.D. Fla. May 7, 2021).

The appliable (2019) version of section 48.062 states, in relevant part, as follows:

**(1) Process against a limited liability company, domestic or foreign, may
be served on the registered agent designated by the limited liability
company under chapter 605**. A person attempting to serve process
pursuant to this subsection may serve the process on any employee of the
registered agent during the first attempt at service even if the registered
agent is a natural person and is temporarily absent from his or her office.

**(2) If service cannot be made on a registered agent of the limited liability
company** because of failure to comply with chapter 605 or because the
limited liability company does not have a registered agent, or if its
registered agent cannot with reasonable diligence be served, process
against the limited liability company, domestic or foreign, may be served:

(a) On a member of a member-managed limited liability
company;

(b) On a manager of a manager-managed limited liability
company; or

(c) If a member or manager is not available during regular
business hours to accept service on behalf of the limited
liability company, he, she, or it may designate an employee of
the limited liability company to accept such service. After one
attempt to serve a member, manager, or designated employee

13

has been made, process may be served on the person in charge
of the limited liability company during regular business
hours.

**(3) If, after reasonable diligence, service of process cannot be completed
under subsection (1) or subsection (2), service of process may be effected
by service upon the Secretary of State as agent of the limited liability
company as provided for in s. 48.181.**

Fla. Stat. § 48.062(1)-(3) (2019) (emphasis added).

The plain language of section 48.062 establishes a hierarchy of methods to
effectuate service of process on an LLC. A plaintiff must *first* attempt service on the LLC's
registered agent. Fla. Stat. § 48.062(1). Only "[i]f service cannot be made on a registered
agent of the limited liability company" may a plaintiff proceed to the next authorized
service method: by service on the following: (a) "[o]n a member of a member-managed
limited liability company; (b) "[o]n a manager of a manager-managed limited liability
company"; or (c) "[a]fter one attempt to serve a member, manager, or designated
employee has been made, . . . on the person in charge of the limited liability company
during regular business hours." *Id.* at § 48.062(2).

Importantly, substitute service of process on the Florida Secretary of State is not
authorized by 48.062 unless Plaintiff is unable to effectuate service of process on the LLC
through the service methods provided first in subsection (1) and then in subsection (2):
"**If, after reasonable diligence, service of process cannot be completed under
subsection (1) or subsection (2)**, service of process may be effected by service upon the

14

Secretary of State as agent of the limited liability company as provided for in s. 48.181."

*Id.* at § 48.062(3) (emphasis added). Section 48.062 makes clear that a Plaintiff *cannot* resort

to subsection (3) without first attempting to comply with subsections (1) and then (2).

McGlynn's submissions to the Court demonstrate that he did not follow the order

(and methods) prescribed by section 48.062 (2019):

Plaintiff filed a printout from the Florida Department of State's website

(www.sunbiz.org)[3] for Miami Diario. [ECF No. 20-2, p. 2]. The printout lists Miami

Diario's principal/mailing address as 848 Brickell Ave, Suite 315 Miami, FL 33131 and its

registered agent as Transaction Advisors and Consultants LLC, 10261 SW 72 St., C101,

Miami, FL 33173. *Id.* The printout reflects that Miami Diario's status is "inactive", the last

event was the "admin dissolution for annual report", and the last event date was

"09/24/2021." *Id.* (capitalization omitted). Thus, at the time McGlynn attempted service

on Defendant in early 2023, Defendant was an inactive, administratively-dissolved LLC

due to its failure to file an annual report.

---

[3]      "[B]ecause the Sunbiz Filing is publicly available on the Florida Department of
State's website, at www.sunbiz.org, the Court may take judicial notice of such records."
*Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1082 (S.D. Fla.
2019); *Demeter v. Little Gasparilla Island Fire & Rescue, Inc.*, No. 2:16-CV-264-FTM-38CM,
2017 WL 662006, at *2 (M.D. Fla. Feb. 17, 2017) (taking judicial notice of "the 'Sunbiz'
profile because the Florida Department of State's website is a verified website from a
public agency.").

Nonetheless, Florida law provides that "[t]he administrative dissolution of a limited liability company does *not* terminate the authority of its registered agent for service of process." Fla. Stat. § 605.0714(6) (emphasis supplied). Thus, a registered agent's authority to receive service of process does not end when a limited liability company is administratively dissolved for failure to file an annual report. *See Piper v. Metro Sols., LLC*, No. 818CV3038TTPBJSS, 2021 WL 1341460, at *3 (M.D. Fla. Feb. 16, 2021), report and recommendation adopted, No. 8:18-CV-3038-TPB-JSS, 2021 WL 1050140 (M.D. Fla. Mar. 19, 2021) ("Although [the] [d]efendant was previously administratively dissolved, Florida Statutes § 605.0714(6) provides that '[t]he administrative dissolution of a limited liability company does not terminate the authority of its registered agent for service of process.' Service of the notice upon [defendant's sole owner and registered agent] was therefore sufficient to provide the requisite 'written notice' to [the] [d]efendant." (record citation omitted)); *Lane v. DBI Servs.*, LLC, No. 6:22-CV-41-WWB-LHP, 2023 WL 2931058, at *1 n.1 (M.D. Fla. Feb. 21, 2023), report and recommendation adopted, ECF No. 21 (Mar. 27, 2023) ("Under Florida law, a registered agent's authority for service of process is not terminated when a limited liability company is administratively dissolved for failure to file an annual report." (citing Fla. Stat. § 605.0714(6))).

Therefore, McGlynn was required by section 48.062(1) to *first* attempt service of process on Defendant by serving its registered agent. Plaintiff did not do this. Instead,

the record reflects that Plaintiff's first attempt at service was made on January 17, 2023 at Miami Diario's principal/mailing address, 848 Brickell Ave Ste 315, Miami, FL 33131-3039. *See* Affidavit of Non[-]Service [ECF No. 20-2, p. 4]; Declaration of Melissa A. Higbee [ECF No. 20-1, ¶ 7 ("On January 17, 2023 Plaintiff, through a professional process server, attempted to serve Defendant at its principal address and learned there was no such company at this address.")].

When Plaintiff learned from its process server that there was no such entity at Defendant's principal/mailing address, Plaintiff *sidestepped* section 48.062 altogether and proceeded to attempt substitute service on Defendant through the Florida Secretary of State, pursuant to sections 48.161 and 48.181. *See* [ECF No. 20-1, ¶ 9 ("Because service could not be effectuated on Defendant at its principal address, Plaintiff, through a professional process server, served the Florida Secretary of State with substitute service on February 15, 2023, pursuant to Fla. Stat. §§ 48.161 and 48.181[.]")]. Plaintiff cannot do this.

Florida law does not authorize Plaintiff to resort to substitute service of process without first attempting service on Defendant in the manner provided by section 48.062(1)(2019) and then attempting other methods of service authorized by subsection (2) of that statute. *See United States v. Demesmin*, No. 6:17-CV-36-ORL-31KRS, 2018 WL 11344777, at *2 (M.D. Fla. July 13, 2018) ("Under § 48.062, a plaintiff must pursue

alternative methods of service when an LLC's registered agent cannot be served with reasonable diligence—such as attempting to serve a member of a member-managed LLC or a manager of a manager-managed LLC—**before resorting to substitute service on the Secretary of State**." (emphasis added)). In sum, Plaintiff has not shown that substitute service was available to him at this juncture.

### 3.    Service on Defendant's Registered Agent

Plaintiff's most-recent proof of service [ECF No. 14] does state that certain documents were served on Defendant's registered agent by a process server:

> 3/29/2023 at 3:11 PM - Served Manuel Arvesu, who is designated by law to accept service of process on behalf of Trasaction [sic] Advisors and Consultants, LLC, Agent for Service to Miami Diario, LLC.

[ECF No. 14]. The proof of service describes the documents served on Defendant's registered agent as the "Amended Proof of Service signed by Christopher Compton[ ] [and] David McGlynn's Complaint for Copyright Infringement." *Id*. It makes no reference to the summons.

The record reflects that this was more an attempt to comply with the *notice* requirement of substitute service under section 48.161[4] than an attempt to effectuate

---

[4]    "Florida Statute section 48.161 requires that the plaintiff (1) 'send notice of service and a copy of the process by registered or certified mail to the defendant;' (2) 'file the defendant's return receipt;' and (3) 'file an affidavit of compliance.'" *HDI Glob. Ins. Co. v. Amerijet Int'l Inc.*, No. 22-22235-CIV, 2023 WL 3778241, at *2 (S.D. Fla. May 5, 2023)

service on Defendant's registered agent under Fla. Stat. § 48.062(1) (2019). As indicated in attorney Higbee's declaration, the March 29, 2023 service was made in accordance with the substitute service statutes (Fla. Stat. §§ 48.161):

> On March 29, 2023 **pursuant to Fla. Stat. §§ 48.161 and 48.181** (2022), Plaintiff, through a professional process server, served true and correct copies of the filed Amended Proof of Service ([ECF] No. 13), the Complaint, and the Exhibits on Defendant's Registered Agent, Transaction Advisors and Consultants LLC, at 10261 SW 72nd Street, C-101, Miami, FL 33173, and the Proof of Service was filed on March 30, 2023. ([ECF] No. 14.)

[ECF No. 20-1, § 11 (emphasis added)].

In any event, the March 29, 2023 service on Defendant's registered agent does *not* comply with Federal Rule of Civil Procedure 4 because the filings do not reflect that a copy of the summons was included in the documents served on the registered agent that day. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Fencl v. PB&J Resorts II (Jamaica) Ltd.*, No. 6:22-CV-833-CEM-DCI, 2022 WL 19914480, at *2 (M.D. Fla. Aug. 29, 2022) ("Federal Rule of Civil Procedure 4(c) provides '[a] summons must be served with a copy of the complaint.' Since Ms. Seaton was not served with a summons, service of process on [the] [d]efendant was not properly effectuated through her.").

_____

(quoting *Gomez v. Team Am. Mia., Inc.*, No. 21-cv-20086, 2022 WL 1605324, at *4 (S.D. Fla. May 20, 2022)).

In sum, McGlynn has not met his burden of showing that service of process was effectuated on Miami Diario.

### ii.     Amenability to Jurisdiction

The Complaint alleges that "Miami Diario . . . is a domestic limited liability company with a business address of 848 Brickell Ave, Suite 315 Miami, FL 33131." [ECF No. 1, ¶ 6]. Had Plaintiff effectuated service of process on Miami Diario, then the Court would have personal jurisdiction over this Florida LLC. *See Colon v. ECO Taxi LLC*, No. 619CV536ORL40LRH, 2020 WL 7401590, at *3 (M.D. Fla. Jan. 13, 2020), report and recommendation adopted, No. 619CV536ORL40LRH, 2020 WL 7401593 (M.D. Fla. Jan. 28, 2020) ("The Court has personal jurisdiction over ECO because it is a Florida limited liability company conducting business in Florida.").

## IV.     Conclusion

Plaintiff's motion for default judgment is **denied without prejudice** but with leave to renew (if appropriate).

The Undersigned notes that the current (2023) version of section 48.161 expressly states: "The party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance." Fla. Stat. § 48.161(2). But cases interpreting substitute service under the applicable, earlier version of

20

section 48.161 (and section 48.181)[5] require that the basis for substitute service be pled in the complaint or amended complaint.[6]

As discussed above, the 2023 amendments do not apply in this case because Plaintiff's copyright infringement claim accrued on October 4, 2020. Therefore, if Plaintiff wishes to pursue substitute service on Defendant (*after* attempting the approved service methods in the order listed in Fla. Stat. § 48.062), then Plaintiff will need to comply with well-settled case law requiring Plaintiff to amend his Complaint to allege the

---

[5]     Compliance with both sections 48.161 and 48.181 is required to perfect substitute service of process under Florida law. *See Baxter*, 2023 WL 1993969, at *4 ("Where substitute service is authorized by Florida Statute section 48.181, section 48.161 provides the method for effectuating such service." (citations omitted)).

[6]     *See Onyx Enterprises Int'l Corp. v. Sloan Int'l Holdings Corp.*, No. 20-60871-CIV, 2020 WL 9172668, at *1 (S.D. Fla. July 29, 2020) ("Under Florida law, a defendant may substitute service if 'the defendant is a nonresident or a resident concealing his whereabouts.' . . . **To trigger substitute service under § 48.161, though, a plaintiff must 'allege in his complaint the ultimate facts bringing the defendant within the purview of the statute**.'" (quoting *Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) (emphasis added)); *Acquamoda S.A.S. v. Miami Swim Wk., LLC*, No. 19-21683-CIV, 2019 WL 13237717, at *1 (S.D. Fla. Oct. 2, 2019) (Scola, J.) (finding that "[the plaintiff] ha[d] failed to comply with the jurisdictional requirements of section 48.181" where it "has not alleged the [d]efendant is a non-resident, is a resident who subsequently became a non-resident, or has concealed its whereabouts" and "[b]ecause of this pleading defect, [the plaintiff] ha[d] not perfected substituted service on the [d]efendant.")); *United States v. Demesmin*, No. 6:17-CV-36-ORL-31KRS, 2018 WL 11344777, at *1 (M.D. Fla. July 13, 2018) ("**[S]ection 48.181 requires that the complaint be amended** to allege that the Demesmin LLC Defendants are Florida residents who are either (1) concealing their whereabouts or (2) previously conducted business in Florida but subsequently became nonresidents." (emphasis added)).

jurisdictional requirements of the pre-January 2, 2023 versions of sections 48.161 and 48.181. *See Mingo v. Ironclad Projects LLC*, No. 19-CV-62202, 2020 WL 13389754, at *1 (S.D. Fla. Mar. 3, 2020) ("In order to effectuate substitute service under section 48.181, [the] [p]laintiff was required to, among other things, amend its [c]omplaint to include certain requisite allegations."). Of course, if Plaintiff is able to effectuate service of process on Miami Diario through its registered agent, then Plaintiff need not resort to substitute service and there will be no need for an amended pleading.

Plaintiff will mail a copy of this Order to Miami Diario's registered agent and file a notice of compliance on CM/ECF by no later than Monday, July 10, 2023.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on June 29, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Robert N. Scola, Jr.
All Counsel of Record