# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO. 22-cv-24261-SCOLA/GOODMAN

DAVID MCGLYNN,

      Plaintiff,

v.

MIAMI DIARIO LLC,

      Defendant.

_____/

## REPORT AND RECOMMENDATIONS ON
## PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT[1]

      In this copyright infringement action, David McGlynn ("McGlynn" or "Plaintiff")

filed a third motion for default judgment against Miami Diario LLC ("Miami Diario" or

"Defendant") [ECF No. 44]. Defendant has not filed a response to Plaintiff's motion (or

otherwise participated in this lawsuit), and the response deadline has now expired.

      Senior United States District Judge Robert N. Scola, Jr. referred this motion to the

Undersigned "for a report and recommendations, consistent with 28 U.S.C. § 636(b)(1)(B),

Federal Rule of Civil Procedure 72, and Rule 1(d) of the Local Magistrate Judge Rules."

---

[1] This is Plaintiff's third attempt to obtain a default judgment. The Undersigned issued Orders denying without prejudice, but with leave to renew, Plaintiff's first and second motions for default judgment due to Plaintiff's failure to show strict compliance with the applicable Florida service statutes. [ECF Nos. 25; 36].

[ECF No. 46]. As explained below, the Undersigned **respectfully recommends** that the Motion be **granted in part and denied in part**.

## I.    Background

Plaintiff filed a one-count complaint for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq*., stemming from Defendant's alleged unauthorized use of Plaintiff's copyrighted photograph on Defendant's website. [ECF No. 1].

As noted above, the Undersigned denied without prejudice Plaintiff's first and second motions for default judgment due to Plaintiff's failure to show strict compliance with Florida law. [ECF Nos. 25; 36]. Plaintiff has since filed new proofs of service [ECF Nos. 39; 40] and moved for and obtained a new Clerk's Default [ECF No. 42]. Plaintiff then filed the instant (third) motion seeking the entry of a default judgment against Miami Diario. [ECF No. 44].

## II.    Applicable Legal Standard

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A party may then apply to the District Court for a default final judgment. Fed. R. Civ. P. 55(b)(2); *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1173 (M.D. Ala. 2008).

A court may not enter a default final judgment based solely on the existence of a clerk's default. *Id.* at 1174. Instead, a court is required to examine the allegations to see if they are well-pleaded and present a sufficient basis to support a default judgment on the causes of action. *Id.* (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[2] Only those factual allegations that are well-pleaded are admitted in a default judgment. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The decision whether to enter a default judgment "is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985). Default judgments are "generally disfavored" because this Circuit has a "strong policy of determining cases on their merits." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244–45 (11th Cir. 2015). In addition to assessing whether the complaint adequately sets forth facts to support the plaintiff's claims, a court considering the entry of a valid default judgment must "have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." *Osborn v. Whites & Assocs. Inc.*, No. 1:20-cv-02528, 2021 WL 3493164, at *2 (N.D. Ga. May 20, 2021) (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009)).

---

[2]    In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), our appellate court held that all Fifth Circuit decisions issued before September 30, 1981 would become binding precedent in the Eleventh Circuit.

A court may conduct a hearing on a motion for default judgment when, in order "to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2); *see also Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911-12 (11th Cir. 2011) (noting that Rule 55(b)(2) "leaves the decision to hold an evidentiary hearing to the court's discretion").

## III.    Analysis

"[B]efore entering a default judgment, the Court must ensure that it has jurisdiction over the claims and there must be a sufficient basis in the pleadings for the judgment entered." *Tissone v. Osco Food Servs., LLC*, No. 19-CV-61358, 2021 WL 1529915, at *2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, No. 19-61358-CIV, 2021 WL 870526 (S.D. Fla. Mar. 9, 2021) (citing *Nishimatsu*, 515 F.2d at 1206).

### a.    Subject-Matter Jurisdiction

The Court has subject matter jurisdiction over the instant action because Plaintiff's Complaint seeks "damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101[,] *et seq*." [ECF No. 1, ¶ 1]. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

4

Moreover, section 1338(a) provides district courts with jurisdiction over civil actions arising under federal statutes relating to copyrights. 28 U.S.C. § 1338(a); *see also Daka Rsch., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 22-CV-60246, 2023 WL 5310240, at *2 (S.D. Fla. July 14, 2023), *report and recommendation adopted sub nom. Daka Rsch. Inc. v. Individuals, P'ships, & Unincorporated Ass'ns Identified on Am. Schedule "A"*, No. 22-60246-CV, 2023 WL 5289258 (S.D. Fla. Aug. 17, 2023) ("[T]he Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (providing for federal question jurisdiction) and 1338 (governing actions involving patents, copyrights, and trademarks, among others)."). Therefore, the Court has subject matter jurisdiction over this action.

### b.   Personal Jurisdiction

In addition to subject matter jurisdiction, a court must also have personal jurisdiction over each defendant. "A judgment rendered in the absence of personal jurisdiction is void and without legal effect." *Strange v. Nescio*, No. 20-80947-CV, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)). For this reason, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte*." *Id.*

"The concept of personal jurisdiction comprises two distinct components: amenability to jurisdiction and service of process. Amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Baragona v. Kuwait Gulf Link Transp. Co.*, 594 F.3d 852, 855 (11th Cir. 2010) (citation omitted).

### i.   Service of Process

Service of process is a jurisdictional requirement. "Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). "[W]ithout proper service of process, the district court ha[s] no power to enter a default judgment against the [defendant]." *Albert v. Discover Bank*, No. 21-12011, 2022 WL 1184405, at *1 (11th Cir. Apr. 21, 2022); *see also State Farm Mut. Auto. Ins. Co. v. Lampila*, No. 2:23-CV-342-SPC-KCD, 2023 WL 6131053, at *2 (M.D. Fla. Aug. 28, 2023), *report and recommendation adopted*, No. 2:23-CV-342-SPC-KCD, 2023 WL 6123755 (M.D. Fla. Sept. 19, 2023) ("Default judgment is only appropriate against 'a properly served defendant.'" (quoting *Baker v. Advanced Imaging of Port Charlotte, LLC*, No. 2:17-CV-403-FTM38MRM, 2018 WL 11414004, at *1 (M.D. Fla. Aug. 16, 2018)).

6

Miami Diario is a limited liability company. [ECF No. 1, ¶ 6]. "[Federal Rule of Civil Procedure] 4(h) governs service of process upon a limited liability company." *Walters v. Fast AC, LLC*, No. 2:19-CV-70-FTM-38MRM, 2020 WL 10727987, at *2 (M.D. Fla. Mar. 12, 2020).

Rule 4(h) states, in pertinent part, that:

[A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> (1) in a judicial district of the United States:

>> **(A) in the manner prescribed by Rule 4(e)(1) for serving an individual**; or

>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1) (emphasis added).

Rule 4(e)(1) provides, in part, that: "an individual . . . may be served in a judicial district of the United States by . . . **following state law for serving a summons in an action brought in courts of general jurisdiction** in the state where the district court is located or **where service is made**[.]" Fed. R. Civ. P. 4(e)(1) (emphasis added); *see also Stem Holdings, Inc. v. Blake Inv. Grp., Inc.*, No. 9:22-CV-80507, 2022 WL 18465748, at *1 n.1 (S.D.

Fla. Dec. 5, 2022) ("Federal Rule of Civil Procedure 4 provides that service can be effectuated upon a corporation by serving a summons in accordance with the state law of the state in which service is made." (citing Fed. R. Civ. P. 4(c)(e)(1), (h)(1)(A)).

"Florida courts . . . require strict compliance with the Florida statutes governing service of process, and absent strict compliance, the court lacks personal jurisdiction over the defendant." *Foremost Prop. & Cas. Ins. Co. v. Fentress Bus. Ctr., LLC*, No. 6:22-CV-831-CEM-GJK, 2022 WL 19842687, at *2 (M.D. Fla. June 8, 2022) (citing *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1207 (Fla. 4th DCA 2005)). "Because of the importance of litigants receiving notice of actions against them, statutes governing service of process are to be strictly construed and enforced." *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001) (*per curiam*).

"Section 48.062 governs service of process on [l]imited [l]iability [c]ompanies in Florida." *GS Holistic, LLC v. Huff & Puff Smoke Shop LLC*, No. 3:22-CV-1326-HES-MCR, 2023 WL 3158310, at *2 (M.D. Fla. Apr. 28, 2023). In this case, the Undersigned has already determined (and Plaintiff has not disputed) that the earlier version of Fla. Stat. § 48.062 (effective June 7, 2019) applies to this case. *See McGlynn v. Miami Diario LLC*, No. 22-CV-24261, 2023 WL 4251553, at *4–6 (S.D. Fla. June 29, 2023); *see also McGlynn v. El Sol Media Network Inc.*, No. 6:23-CV-531-PGB-LHP, 2023 WL 8079694, at *1 (M.D. Fla. Nov. 21, 2023)

("The Court will apply the versions of the Florida Statutes governing service that were in effect at the time that [the] [p]laintiff's copyright cause of action accrued.").

A printout from the Florida Department of State's website (www.sunbiz.org),[3] lists Defendant as an *inactive, administratively-dissolved* LLC due to its failure to file an annual report. [ECF No. 44-2, p. 2]. Florida law provides that "[t]he administrative dissolution of a limited liability company does *not* terminate the authority of its registered agent for service of process." Fla. Stat. § 605.0714(6) (emphasis supplied). Thus, a registered agent's authority to receive service of process does *not* end when a limited liability company is administratively dissolved for failure to file an annual report.[4]

---

[3]     "[B]ecause the Sunbiz [f]iling is publicly available on the Florida Department of State's website, at www.sunbiz.org, the Court may take judicial notice of such records." *Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1082 (S.D. Fla. 2019).

[4]     *See Piper v. Metro Sols., LLC*, No. 818CV3038TTPBJSS, 2021 WL 1341460, at *3 (M.D. Fla. Feb. 16, 2021), *report and recommendation adopted*, No. 8:18-CV-3038-TPB-JSS, 2021 WL 1050140 (M.D. Fla. Mar. 19, 2021) ("Although [the] [d]efendant was previously administratively dissolved, Florida Statutes § 605.0714(6) provides that '[t]he administrative dissolution of a limited liability company does not terminate the authority of its registered agent for service of process.' **Service of the notice upon [defendant's sole owner and registered agent] was therefore sufficient to provide the requisite 'written notice' to [the] [d]efendant**." (record citation omitted; emphasis added)); *Lane v. DBI Servs., LLC*, No. 6:22-CV-41-WWB-LHP, 2023 WL 2931058, at *1 n.1 (M.D. Fla. Feb. 21, 2023), *report and recommendation adopted*, ECF No. 21 (Mar. 27, 2023) ("Under Florida law, a registered agent's authority for service of process is not terminated when a limited liability company is administratively dissolved for failure to file an annual report." (citing Fla. Stat. § 605.0714(6))).

The 2019 version of section 48.062 governs service of process in the instant case. It states, in relevant part, as follows:

> **Process against a limited liability company, domestic or foreign, may be served on the registered agent designated by the limited liability company under chapter 605**. A person attempting to serve process pursuant to this subsection **may serve the process on any employee of the registered agent during the first attempt at service** even if the registered agent is a natural person and is temporarily absent from his or her office.

Fla. Stat. § 48.062(1) (2019) (emphasis added).

Florida law provides that "a limited liability company may be served through its registered agent. Fla. Stat. § 48.062(1). And § 48.062(1) also provides that a person attempting service may serve process **on any employee of the registered agent** on the first attempt at service." *Kennedy v. Bre/Seaside Inn Owner L.L.C.*, No. 219CV919FTM38NPM, 2020 WL 8970604, at *1 (M.D. Fla. May 11, 2020) (emphasis added).

In an earlier proof of service, Plaintiff's process server attested that he had "served the Summons in a Civil Action[ ] [and] David McGlynn's Complaint for Copyright Infringement to Transaction Advisors and Consultants, LLC **c/o: Manuel Arvesu -- Authorized Agent, who is designated by law to accept service of process on behalf of Miami Diario LLC** on July 10, 2023 3:25 PM." [ECF No. 30 (emphasis added)].

The Undersigned denied without prejudice Plaintiff's second motion for default judgment because the proof of service did not identify Mr. Arvesu as an employee of the

registered agent. [ECF No. 36, p. 10 ("Because the proof of service contains no information concerning Mr. Arvesu's status as an employee of Transaction Advisors and Consultants, LLC and Plaintiff has not otherwise pointed to other evidence in the record establishing this fact, Plaintiff has not met his burden of showing strict compliance with section 48.062(1). Based on this record, the Undersigned cannot conclude that service of process was effectuated on Miami Diario." (footnote omitted))].

Plaintiff has cured this defect. Plaintiff's Second Amended Proof of Service [ECF No. 40] states that the process server "served **Manuel Arvesu who is an <u>employee of Miami Diario LLC's registered agent, Transaction Advisors and Consultants LLC</u>**"[5] on July 10, 2023 at 3:25 PM. [ECF No. 40 (emphasis added)]. The proof of service lists the documents served as the "Summons in a Civil Action" and "David McGlynn's Complaint for Copyright Infringement." *Id.*

---

[5]     Plaintiff's counsel attests that Miami Diario's "Registered Agent is Transaction Advisors and Consultants LLC located at 10261 SW 72 St, C-101, Miami, Florida 33173." [ECF No. 44-1, ¶ 5]. Additionally, the Sunbiz printout lists Miami Diario's registered agent as Transaction Advisors and Consultants LLC, 10261 SW 72 St., C101, Miami, FL 33173. [ECF No. 44-2, p. 2]. The earlier filed proof of service, reflecting the same time and date of service as the most recent proof of service [ECF No. 40], shows that Mr. Arvesu was "[s]erved at: 10261 SW 72nd St. #C-101 Miami, FL 33173-3023," the registered agent's address. [ECF No. 30, p. 1].

In *Onyeneho v. LB Ent. LLC*, the Court found that the defendant had been properly served because the amended return of service identified the person who received a copy of the summons and the complaint as an employee of the registered agent:

> The [a]mended [a]ffidavit of [s]ervice on [the] [d]efendant LB Entertainment LLC provides that the service processor left a copy of the [s]ummons and [c]omplaint with **Steffani Hoffman, an "officer [sic] manager for the Registered Agent** for LB Entertainment LLC c/o Joseph A. Loguidice, Registered Agent" at 1515 A Ridgewood Avenue, Holly Hill, Florida 32117. This is also the address for [the] [d]efendant's registered agent . . . . According to the [a]mended [a]ffidavit of [s]ervice, "[s]ervice was made on an employee of the Registered Agent as the Registered Agent was [absent] from his/her office." *Id.* Through her [a]mended [a]ffidavit of [s]ervice, [the] **[p]laintiff establishe[d] that the person served, Steffani Hoffman, was an employee of the registered agent, so service on Ms. Hoffman at the registered agent's address was proper under Fla. Stat. § 48.062(1) (2022)**.

No. 6:22-CV-978-WWB-DAB, 2023 WL 2931203, at *3 (M.D. Fla. Jan. 9, 2023), *report and recommendation adopted*, No. 6:22-CV-978-WWB-DAB, 2023 WL 2931163 (M.D. Fla. Jan. 27, 2023) (emphasis added); *see also APL Micrscopic, LLC v. Corp. Am. Sols., LLC*, No. 17-23316-CIV, 2017 WL 5290898, at *2 (S.D. Fla. Nov. 9, 2017) (finding that the plaintiff had complied with the requirements of section 48.062(1) where the "[t]he affidavits state[d] that [the process server] perfected service by delivering a copy of the summons and complaint "at the address of 7255 NW[] Corporate Center Drive, Suite E, Miami, FL 33126 . . . to Mercedes Perez as **Administrative Asst./Employee of the Registered Agent[.]**" (emphasis added)).

In Florida, "[i]t has well been established that a process server's return of service on a defendant which is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary." *Telf Corp. v. Gomez*, 671 So. 2d 818, 818 (Fla. 3d DCA 1996) (*per curiam*). Thus, the Undersigned concludes that Plaintiff has met his burden of showing Defendant has been properly served under Florida law.

### ii.    Amenability to Jurisdiction

The Complaint alleges that "Miami Diario . . . is a domestic limited liability company with a business address of 848 Brickell Ave, Suite 315 Miami, FL 33131." [ECF No. 1, ¶ 6]. The Court has personal jurisdiction over Miami Diario because it is a *Florida* LLC. *See Colon v. ECO Taxi LLC*, No. 619CV536ORL40LRH, 2020 WL 7401590, at *3 (M.D. Fla. Jan. 13, 2020), *report and recommendation adopted*, No. 619CV536ORL40LRH, 2020 WL 7401593 (M.D. Fla. Jan. 28, 2020) ("The Court has personal jurisdiction over ECO because it is a Florida limited liability company conducting business in Florida.").

### c.    Liability

As noted above, the Complaint alleges one count of copyright infringement under the Copyright Act. "To establish a prima facie case of copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Latimer v. Roaring Toyz, Inc.*, 601 F.3d

1224, 1232–33 (11th Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

"[A] defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact[.]" *Perez v. Wells Fargo N.A.*, 774 F.3d at 1339. Here, the Complaint alleges that:

> 15.    McGlynn is the sole author and exclusive rights holder to one photograph of Jeffrey Epstein standing in the street next to a woman reaching into her wallet ("Epstein Photograph").
>
> ***
>
> 17.    McGlynn registered the Original Image(s) with the United States Copyright Office. The Epstein Photograph is registered under Registration Number VA 2-036-616.
>
> ***
>
> 20.    Miami Diario is the owner and operator of the website https://miamidiario.com ("Website").
>
> ***
>
> 23.    On or about October 4, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how Epstein lured teenage girls to his Palm Beach home ("August 12, 2019 Article").
>
> 24.    On November 3, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how Epstein was arrested for the sex trafficking of minors ("July 7, 2019 Article").
>
> 25.    On November 3, 2020, McGlynn discovered the Epstein Image being

14

used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how new details were presented related to the Epstein case in a motion filed in Florida ("July 9, 2019 Article").

26.     On November 3, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how forensic evidence determined that Epstein hanged himself in his cell while held in a maximum security prison in Manhattan ("August 2019 Article").

27.     On November 3, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how a judge ruled that there will be no reparations to the victims of Jeffrey Epstein ("September 2019 Article").

28.     On November 3, 2020, McGlynn discovered the Epstein Image being used by Miami Diario on its Website to identify Jeffrey Epstein in an article discussing how Epstein allegedly wanted to seed human race with his DNA and how 130 people claim they could be the children of Jeffrey Epstein ("May 2020 Article").

***

30.     On or about December 7, 2022, McGlynn discovered the Epstein Photograph still being displayed in the Articles by Miami Diario on the Website.

***

32.     In no event did McGlynn offer Miami Diario a license to use the Epstein Photograph in any manner.

***

37.     Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Epstein Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to

the public for commercial benefit, the unique Epstein Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in an infringing post on Defendant's Website.

[ECF No. 1, ¶¶ 15; 17; 20; 23–28; 30; 32; 37].

Given the well-pleaded allegations of the Complaint, Plaintiff has established Defendant's liability for federal copyright infringement. *See Markos v. Yacht Charters of Miami.com, LLC*, No. 19-22284-CV, 2019 WL 8989936, at *2 (S.D. Fla. Oct. 2, 2019), *report and recommendation adopted*, No. 19-22284-CIV, 2019 WL 8989935 (S.D. Fla. Oct. 23, 2019) (finding that "[the] [p]laintiff successfully pled [a claim of copyright infringement], alleging that he registered the photograph at issue with the Register of Copyrights on November 3, 2016, and that [the] [d]efendant subsequently used this photograph on [its] website without license or permission to do so.").

### d.    Damages

"Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages." *Gov't Emps. Ins. Co. v. Compass Med. Ctrs. Inc.*, No. 21-CV-23623, 2022 WL 17653816, at *2 (S.D. Fla. Nov. 10, 2022), *report and recommendation adopted*, No. 21-23623-CIV, 2022 WL 17602650 (S.D. Fla. Dec. 13, 2022). Even in the default judgment context, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). "Although a defaulted defendant

admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2688 at 58–59 (3d ed. 1998)).

Here, Plaintiff seeks $12,000.00 in statutory damages, attorney's fees, and costs. [ECF No. 44, pp. 11–15].[6] As discussed below, Plaintiff is entitled to the relief requested.

### i.      Statutory Damages

Under the Copyright Act:

> a successful copyright litigant is entitled to any damage suffered and the infringers' profits or, at the election of the copyright owner, statutory damages. Statutory damages are awarded per copyrighted work infringed between Seven Hundred and Fifty Dollars ($750.00) and Thirty Thousand Dollars ($30,000.00), at the discretion of the Court. 17 U.S.C. § 504(c)(1). Further, if the Court finds that the infringement was willful, it is within the Court's discretion to raise the statutory award to One Hundred and Fifty Thousand Dollars ($150,000.00) per infringed work.

*Sanrio Co. v. Sommer's Ent. LLC*, No. 18-CV-22177, 2019 WL 2010249, at *4 (S.D. Fla. Mar. 21, 2019). (citing 17 U.S.C. § 504(c)(2)).

Here, Plaintiff seeks $12,000.00 in statutory damages. He notes that "[he] has licensed a comparable photograph in the past for $2[,]000.00 and has presented a redacted

---

[6]      Plaintiff's Complaint also seeks injunctive relief. [ECF No. 1, ¶ 40, p. 7 (Prayer for Relief)]. But the instant motion [ECF No. 44] does not seek injunctive relief.

Royalty Statement as evidence of the licensing value of his photograph." [ECF No. 44, p. 13 (citing [ECF Nos. 44-1, ¶¶ 27–29; 44-3])]. Thus, Plaintiff calculates his statutory damages as "the license fee of $2[,]000.00 times each unauthorized use of the photograph, as a statutory award for the infringement." *Id.*

"The Court has wide discretion to set an amount of statutory damages." *Affordable Aerial Photography, Inc. v. Elegance Transp., Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306182, at *6 (M.D. Fla. Feb. 23, 2022), *report and recommendation adopted sub nom. Affordable Aerial Photography, Inc. v. Elegance Transp., Inc.*, No. 6:21-CV-1166-CEM-LHP, 2022 WL 2306516 (M.D. Fla. Mar. 14, 2022) (citing *Cable/Home Commc'n Corp. v. Network Prods. Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). It may award statutory damages even in instances where a plaintiff cannot prove actual damages caused by a defendant's infringement. *See ABS-CBN Corp. v. abscbn-teleserye.com*, No. 17-61051-CIV, 2017 WL 6947726, at *8 (S.D. Fla. Dec. 27, 2017) (noting that "[a]n award of statutory damages is appropriate, because statutory damages may be elected whether or not there is adequate evidence of the actual damages suffered by [the] plaintiff or of the profits reaped by the [d]efendant").

The amount of statutory damages awarded should be sufficient to compensate the copyright holder *and* deter Defendant and others from infringing on that copyright. *See Sadowski v. Orion Healthcare Servs., Inc.*, No. 21-CV-24475, 2022 WL 3155037, at *4 (S.D. Fla.

July 21, 2022), *report and recommendation adopted*, No. 21-24475-CV, 2023 WL 2581349 (S.D. Fla. Mar. 21, 2023) ("The goal of statutory damages is not to merely compel restitution of profit and reparation for injury, but to also deter future violations of copyright infringement.").

> Here, Miami Diario's infringement was willful:

> A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" of a plaintiff's intellectual property rights. [*Arista Recs., Inc. v. Beker Enterprises, Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003)]. Willful infringement may be inferred where, as here, a defendant is willing to accept a default judgment. *See Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *7 (S.D. Fla., Oct. 18, 2007).

*Sanrio Co. v. Sommer's Ent. LLC*, No. 18-CV-22177, 2019 WL 2010249, at *5 (S.D. Fla. Mar. 21, 2019); *see also Arista Recs., Inc.*, 298 F. Supp. 2d at 1312 (finding willful infringement due to the defendant's default and the allegations of willfulness set forth in the plaintiff's complaint).

Moreover, this requested statutory award is within the statutory range for a willful violation, and is sufficient to compensate McGlynn, punish Miami Diario, and deter Defendant and others from continuing to infringe McGlynn's copyright. *See Aug. Image, LLC v. Auge Internacional Media, LLC*, No. 22-22718-CIV, 2022 WL 20834406, at *5 (S.D. Fla. Nov. 16, 2022) (entering default judgment award of $37,800.00 in statutory damages, noting this amount "[was] appropriate to compensate [the] [p]laintiff for the damages

suffered, to create a strong disincentive against infringers intentionally hiding the profits from their infringing conduct in the hopes of earning more than they can be held accountable for in actual damages, and to deter future violations of copyright law"). Accordingly, the Undersigned respectfully **recommends** that the District Court award Plaintiff the requested **$12,000.00** in statutory damages.

ii.        **Attorney's Fees**

The Copyright Act permits the prevailing party to recover reasonable attorney's fees. 17 U.S.C. § 505. "Section 505 of the 1976 Copyright Act, 17 U.S.C. § 505, permits the trial court in its discretion to award a reasonable attorneys' fee to the prevailing party in a copyright infringement action." *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982).

The Eleventh Circuit has stated that:

> The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act, *i.e.*, by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure "that the boundaries of copyright law [are] demarcated as clearly as possible" in order to maximize the public exposure to valuable works.

*MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842–43 (11th Cir. 1999) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526–27, 114 S. Ct. 1023, 127 L.Ed.2d 455 (1994)).

Here, Defendant acted willfully in its infringement of Plaintiff's copyrighted photograph. It failed to respond to the Complaint or otherwise participate in this action.

"Courts routinely award attorney's fees and costs upon a finding of willful infringement under the Copyright Act." *Sharp Shirter Inc. v. Individuals, P'ships, & Unincorporated Assocs. Identified on Schedule "A"*, No. 1:22-CV-23468-KMW, 2023 WL 6064810, at *5 (S.D. Fla. Aug. 30, 2023), *report and recommendation adopted sub nom. Sharp Shirter Inc. v. Individuals, P'ships, & Unincorporated Assocs. Identified on Schedule A*, No. 22-23468-CV, 2023 WL 6064519 (S.D. Fla. Sept. 18, 2023).

In the instant case, Plaintiff seeks $3,300.00 in attorney's fees. [ECF No. 44, p. 15]. Plaintiff filed a declaration from his attorney, Melissa A. Higbee, in support of his fee request. [ECF No. 44-1, ¶¶ 37–41]. Attorney Higbee's declaration attests that this amount consists of 14.00 hours of attorney and paralegal time. *Id.* at ¶ 37.

Attorney Higbee has six years of intellectual property litigation experience and bills at $300.00 per hour. *Id.* at ¶ 40. She is seeking to recover two hours ($600.00) of work reviewing documents drafted by junior attorneys.

Attorneys Hany Gonzalez and Jayma Leath each have approximately two years of intellectual property litigation experience and each billed at an hourly rate of $250.00. *Id.* at ¶¶ 38–39.

Attorney Gonzalez seeks to recover for five hours ($1,250.00) of work on the case, "includ[ing] researching this claim; communicating with [ ] Plaintiff; and preparing and drafting the Complaint and all supporting documents associated with the Complaint[.]"

*Id.* at ¶ 38. Attorney Leath seeks to recover five hours ($1,250.00) of attorney time for work on the case, "includ[ing] preparing and drafting the request for the clerk's certificate of default, the instant [m]otion, and all supporting documents associated with this [m]otion[.]" *Id.* at ¶ 39.

Lastly, Plaintiff seeks to recover 2.00 hours of paralegal time at a rate of $100.00 for work which "included coordinating service of process and filing the pleadings; motions; and other documents with the Court." *Id.* at ¶ 41.

Although Miami Diario failed to respond to the fees motion (or otherwise participate in this case), the Court must still ensure that the fees it awards are reasonable. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."). The Undersigned has reviewed Plaintiff's submissions and finds that, with the exception of paralegal time, Plaintiff's fee request should be awarded.

The requested hourly rates for Plaintiff's timekeepers are reasonable. *See, e.g.,* *Wareka v. Faces by Francesca, LLC*, No. 20-CV-62466, 2021 WL 6101375, at *4 (S.D. Fla. Oct. 19, 2021), *report and recommendation adopted*, No. 20-62466-CIV, 2021 WL 6072810 (S.D. Fla. Dec. 23, 2021) (approving hourly rate of $350.00 for attorney Melissa Higbee); *Katz v.*

*Chevaldina*, 127 F. Supp. 3d 1285, 1303-04 (S.D. Fla. 2015) (approving attorney hourly rates of $200.00–$400.00 in copyright infringement case); *Vallejo v. Narcos Prods. LLC*, No. 18-23462-CIV, 2020 WL 6815056, at *4 (S.D. Fla. Aug. 24, 2020), *report and recommendation adopted*, No. 18-23462-CIV, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020) (finding that a $100.00 paralegal hourly rate is "consistent with this market").

The Undersigned further finds that the number of hours Plaintiff's *attorneys* seek to recover are reasonable based on the tasks described and the work product produced. Notably, this case presently has 46 docket entries on CM/ECF. Thus, the limited 12.00 hours of requested attorney time is not likely to represent *all* of the work Plaintiff's attorneys have performed to date on this case.

Moreover, "[t]here is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988) (citing *Johnson v. Univ. Coll. of Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)); *see also Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *11 (S.D. Fla. July 1, 2008) ("It is reasonable and common for a partner to review the work performed by an associate attorney.").

Nonetheless, the Undersigned cannot recommend that Plaintiff recover the requested paralegal time (2.00 hours at $100.00 per hour). Paralegal time is compensable "only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988), *aff'd sub nom. Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990). Here, the only descriptions provided for the work performed by the paralegal ("coordinating service of process and filing the pleadings; motions; and other documents with the Court" [ECF No. 44-1, ¶ 41]) consist entirely of clerical work.

In *Wareka v. Faces by Francesca, LLC*, this Court similarly excluded from the fee award the time spent by a paralegal in Attorney Higbee's firm because "[a]ccording to the Higbee declaration, the paralegal spent time 'reviewing and filing documents.'" 2021 WL 6101375, at *5. The Court noted that "[t]hese tasks appear[ed] to be clerical rather than 'work traditionally done by an attorney'" and "the description lack[ed] sufficient detail to evaluate whether, in fact, these fees would be recoverable as work done by an attorney." *Id.*

"Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and **filing or e-filing documents**, should not be billed at a paralegal rate regardless of who performs them." *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017)

24

(emphasis added); *see also Wendel v. Int'l Real Est. News, LLC.*, No. 19-21658-CIV, 2019 WL 12278752, at *3 (S.D. Fla. Dec. 16, 2019), *report and recommendation adopted sub nom. Wendel v. Int'l Real Est. News, LLC*, No. 19-21658-CIV, 2020 WL 9552161 (S.D. Fla. Jan. 2, 2020) ("Examples of this non-legal work for an attorney or paralegal include: input Judge assignment into ECF, **email to process server with Complaint and Summons**, receive email with Affidavit of Service, and standard docket review."); *Maranon v. Scottsdale Ins. Co.*, No. 1:21-CV-21785-KMM, 2022 WL 18401954, at *4 (S.D. Fla. Dec. 1, 2022), *report and recommendation adopted*, No. 1:21-CV-21785-KMM, 2023 WL 359003 (S.D. Fla. Jan. 23, 2023) ("[T]he Court has deducted **time spent on administrative and clerical tasks, such as communicating with the process server** and reviewing a scheduling order for deadlines . . . , as such fees are not recoverable or are not necessary." (emphasis added)).

In sum, the Undersigned respectfully recommends that Plaintiff recover **$3,100.00** ($3,300.00 minus $200.00) in fees.

### iii.      Costs

Plaintiff seeks to recover $580.75 in costs, consisting of two separate process server fees totaling $178.75 and the $402.00 Clerk's filing fee. [ECF No. 44, p. 15].

The docket reflects that Plaintiff paid the filing fee. *See* Docket Text for [ECF No. 1 ("Filing fees $ 402.00 receipt number AFLSDC-16207271")]. Therefore, Plaintiff should recover this amount. *See RMK Merrill Stevens LLC v. Monaco*, No. 22-CV-23210, 2024 WL

384655, at *5 (S.D. Fla. Jan. 8, 2024), *report and recommendation adopted*, No. 22-23210-CV, 2024 WL 379948 (S.D. Fla. Feb. 1, 2024) ("Plaintiff is entitled to the $402.00 filing fee under § 1920 as taxable cost."); *Leading Edge Mktg., Inc. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 23-CV-21333, 2023 WL 5206034, at *7 (S.D. Fla. Aug. 14, 2023) (awarding $402.00 in court costs as part of a default judgment award in willful infringement case).

Plaintiff also seeks to recover process server fees. [ECF No. 44, p. 15]. Although Plaintiff submitted process server invoices totaling $825.75 [ECF No. 44-2], he seeks to recover only $178.75. *Id.* Attorney Higbee's declaration reflects that Plaintiff is limiting this cost request to $65.00 times the hours expended by the process server. [ECF No. 44-1, ¶ 35 ("Plaintiff has incurred the following costs: (1) $402.00 for the Filing Fee for Opening a Civil Action; (2) $113.75 for the cost of attempted service of the Summons and Complaint on Miami Diario at its business location at 848 Brickell Avenue, Suite 315, Miami, FL 33131 **($65 x 1.75 hour)**; and $65.00 for the cost of service on Miami Diario's registered agent, Transaction Advisors and Consultants, LLC **($65 x 1 hour)**." (emphasis added)].

In the Eleventh Circuit, "service of process fees may be paid to private process servers so long as the amount does not exceed the amount charged by the U.S. Marshal for service of process." *Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1332 (S.D. Fla.

2012) (citing *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). The United States Marshals Service charges "**$65 per hour (or portion thereof**) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3) (emphasis added). Thus, Plaintiff's requested service costs (at the hourly rate of $65.00) are reasonable under § 1920(1) and the case law in this Circuit.

In sum, the Undersigned respectfully recommends that the Court award Plaintiff the requested cost amount, **$580.75**.

## IV.   Conclusion

For the reasons stated above, the Court should **grant in part and deny in part** Plaintiff's motion and award Plaintiff **$12,000.00** in statutory damages, **$3,100.00** in attorney's fees and **$580.75** in costs, plus post-judgment interest pursuant to 28 U.S.C. § 1961.[7]

Plaintiff will mail a copy of this Report and Recommendations to Defendant's principal business address, 848 Brickell Ave, Ste 315, Miami, FL 33131, and to Defendant's registered agent, Transaction Advisors and Consultants LLC, 10261 SW 72 St, C-101,

---

[7]      Plaintiff seeks post-judgment interest. [ECF No. 44, p. 15]. "[P]ost-judgment interest automatically accrues under 28 U.S.C. § 1961." *Landi v. Home Depot USA, Inc.*, No. 2:17-CV-701-FtM-38MRM, 2020 WL 10465289, at *1 (M.D. Fla. July 22, 2020).

Miami, Florida 33173. Plaintiff will file a notice of compliance on CM/ECF by no later than **Tuesday, March, 12, 2024**.

## V.      Objections

The parties will have seven (7) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Robert N. Scola, Jr. Each party may file a response to the other party's objection within seven (7) days of the objection.[8] Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 7, 2024.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

---

[8]      The Undersigned is shortening the time for Objections and Responses because Defendant has defaulted and not participated in the case, and it therefore appears unlikely that it will pursue any Objections at this point.

**<u>Copies furnished to</u>:**

The Honorable Robert N. Scola, Jr.

All Counsel of Record